UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-62290-CIV-MORENO

ALAN B. SCHNEIDER, P.A., and THE TITLE
CENTER OF FLORIDA, INC.,

    Plaintiffs,

vs.

LIBERTY INSURANCE UNDERWRITERS, INC.,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

Plaintiffs Alan B. Schneider, P.A. and The Title Center of Florida, Inc. have filed a two-count Amended Complaint seeking insurance coverage for claims brought against them in an underlying state court case. The state court claims are contained in a Fifth Amended Complaint, filed by United Restaurants LLC, and arise from the purchase of commercial space in Hallandale Beach, Florida. The Fifth Amended Complaint alleges negligence against Title Center in its capacity as a closing and escrow agent, and professional negligence against Schneider, P.A. in providing legal services to United Restaurants in connection with the purchase and closing of the subject commercial space.

Defendant has moved to dismiss the Amended Complaint, arguing that the underlying state court claims presented in the Fifth Amended Complaint are "based upon, arises out of or attributable to the same or related wrongful acts" as described in the original, state court complaint (the "Original Complaint"), and therefore may be deemed a single claim dated June 2011 - the time the Original Complaint was filed - which would take those claims outside of the insurance coverage period.[1]

For the reasons provided below, Defendant's Motion to Dismiss (D.E. No. 3) is DENIED. Defendant shall file its answer by no later than **December 30, 2014.**

---

[1] The policy coverage period at issue is April 30, 2014 to April 30, 2015. According to the parties, the Fifth Amended Complaint was filed in May or June 2014.

## Legal Standard

When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that he pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545. In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

## Analysis

Defendant argues in its Motion to Dismiss that while the underlying state court claims presented in the Fifth Amended Complaint were technically brought during the period of coverage under the insurance policy - April 2014 through April 2015 - such claims are "based upon, arise[] out of or attributable to the same or related wrongful acts" alleged in the Original Complaint filed in June 2011. In other words, the claims are sufficiently "related" such that they may be deemed a single claim made in June 2011, thereby pre-dating the April 30, 2014 inception date of the policy. Plaintiffs respond that the Court should be limited to the allegations of the Amended Complaint here in federal court, and that even if the Court were to consider the allegations of the Original and Fifth Amended Complaints in the underlying state court case, the claims contained therein are not related.

The Court first addresses Plaintiffs' argument that the Court is limited to the four corners of

the Amended Complaint, and should not at this stage consider the allegations of the Original and Fifth Amended Complaints in the underlying state court case without turning the motion to dismiss into a motion for summary judgment. It is true that, generally, courts cannot consider extrinsic documents in a motion to dismiss. *E.g., Brooks v. Blue Cross & Blue Shield., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997). However, there is a well-recognized exception that where a plaintiff references the subject document in the instant complaint, those documents are central to plaintiff's claims, the contents of the subject documents are not in dispute, and where the defendant attaches such documents to its motion to dismiss, the Court may consider those documents. *E.g., Financial Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007), *citing Harris v. Ivax Corp.*, 182 F.3d 799, 802 n. 2 (11th Cir. 1999).

Here, it is clear that Plaintiffs reference the subject state court complaints in the Amended Complaint, the contents of those documents are not in dispute, and Defendant has attached the documents to the motion to dismiss. Moreover, the subject documents do appear central to Plaintiffs' claim for coverage where: first, the issue of whether the claims in the subject documents are "related" will directly determine coverage of those claims; second, Plaintiffs' Amended Complaint states that the allegations of each underlying complaint differ; third, Plaintiffs will most likely need to offer the documents at some point to prove their case; and fourth, there is no concern regarding the lack of notice to Defendant that the Court might consider the subject documents. *See Stephens*, 500 F.3d at 1284-85 (discussing circumstances in which a court may consider extrinsic documents at the motion to dismiss stage). Thus, the Court may properly consider the allegations contained in the Original and Fifth Amended Complaints in the underlying state court action.

Second, based on the allegations of the Amended Complaint, and under the language of the insurance policy at issue, the claims asserted against Plaintiffs The Title Center and Schneider, P.A.

in the underlying state court case via the Fifth Amended Complaint - professional negligence against Schneider, P.A. and negligence against The Title Center - trigger Defendant's duty to defend under the subject liability policy.[2]

The last issue is whether the claims in the Fifth Amended Complaint of the underlying state court case, brought within the coverage period of April 30, 2014 to April 30, 2015, are sufficiently related to the claims brought in the Original Complaint, filed in June 2011. According to the language of the coverage policy, if the claims of the Fifth Amended Complaint are "based upon, arose out of, or attributable to the same or related 'wrongful acts'" as those contained in the Original Complaint, such claims will be treated as a single claim deemed to have been "first made" as of the making of the "earliest claim." [D.E. 1 at ¶19; D.E. 3-1].

Here, the "earliest claim" was made in June 2011, the time of the filing of the Original Complaint. Therefore, if the claims in the Original and Fifth Amended Complaints are sufficiently related, as Defendant contends, the claims are deemed made in June 2011, well outside of the insurance coverage period. Plaintiffs allege in the Amended Complaint that the claims contained in the Fifth Amended Complaint differ from those in the Original Complaint. *See* Amend. Comp. at ¶¶ 7-8, 11 ("[T]he claim against The Title Center [in the Original Complaint] was for Breach of a Title Insurance Policy (Count XX) and claimed proceeds under the policy based on allegations that

---

[2] While the language of the policy at issue does not appear ambiguous, Florida law broadly construes the duty to defend. The duty to defend "depends solely on the allegations in the complaint filed against the insured." *Trizec Properties, Inc. v. Biltmore Const. Co., Inc.*, 767 F.2d 810, 812 (11th Cir. 1985). The duty to defend is broader than the duty to indemnify, and insurers "must defend when the complaint alleges facts which fairly and potentially bring the suit within policy coverage." *Public Risk Management of Florida v. One Beacon Ins. Co.*, 569 Fed. Appx. 865, 870 (11th Cir. 2014) (citation omitted). This holds true even where the complaint "alleges facts partially within and partially outside the scope of coverage," or when "the later rue facts show there is no coverage." *Id.* (citation omitted). If the allegations on the complaint leave any doubt as to the duty to defend, the question must be resolved in favor of the insured. *Id.* (citation omitted). Here, on a motion to dismiss, Plaintiffs' allegations, taken as true, trigger Defendant's duty to defend.

The Title Center failed to deliver marketable title." In the Fifth Amended Complaint, "The Title Center and Schneider are now being sued for negligence in their capacity as escrow/closing agent.").

After a cursory review of the Original and Fifth Amended Complaints, the Court finds that for the purposes of the motion to dismiss, the claims are *unrelated*, as the causes of action and the underlying facts, as set forth by Plaintiffs, are sufficiently distinct. Facially, the Original Complaint was for breach of contract and sought damages against The Title Center under the title insurance policy related to its ability to receive marketable title to the restaurant. The Fifth Amended Complaint, on its face, brings claims against both The Title Center and Schneider, P.A. for negligence relating to United Restaurant's alleged loss of valet parking rights and possession of the mezzanine level. Further, the damages stemming from the claim in the Original Complaint - "substantial economic damages" - and from those in the Fifth Amended Complaint - more generally, "damages" - cannot be readily determined at this stage. Such issues, at least in this case, will be resolved on summary judgment.

For these reasons, after accepting Plaintiffs' well-pleaded allegations as true and resolving any doubt as to the duty to defend in favor of Plaintiffs, it is

**ADJUDGED** that Defendant's Motion to Dismiss (D.E. No. 3) is DENIED. Defendant shall file its answer by no later than **December 30, 2014**.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of December, 2014.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record